

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

TOM ALEXANDER WILLIAM HAYES, and
ROGER DARIN,

*Defendants.*

Case No.  12 MJ 3229

ORIGINAL

**DOC #** 20

### Declaration of Bruce A. Baird

Bruce A. Baird, pursuant to 28 U.S.C. § 1746, declares as follows under penalties of perjury.

1. On November 7, 2014, counsel for the Government, Mr. Thomas Hall, submitted a declaration in this case in which he stated that "Counsel for Defendant Roger Darin has informed the United States that Defendant Darin does not plan to appear in this Court at any time, and is content to remain in his native Switzerland for his entire life if necessary."

2. I do not recall any member of our defense team expressing Mr. Darin's contentment about being confined to Switzerland for the rest of his life and in any event it simply is not true.

3. Since the Government unsealed its complaint against Mr. Darin, he has been unable to find any job in the Swiss financial sector—the line of work for which he is professionally qualified. Mr. Darin initially sought to overcome this obstacle by setting up his own asset management company, but when his new venture applied to become a regulated asset manager in Switzerland, it was turned down by the relevant trade association because of this case.

4. The Government's pending complaint has also harmed Mr. Darin's personal life and that of his family. Since being charged, he has been the subject of sensational news stories that have been published in newspapers all over the world. His mother has received aggressive phone calls from reporters.

5. Meanwhile, the Government's charge has effectively confined Mr. Darin to Switzerland, a small country little more than half the size of West Virginia. He cannot visit his family in Austria—including for his cousin's funeral last year—let alone his close friends in Singapore and Japan. He cannot travel with his Japanese fiancé of almost eight years to visit her family in Japan. When Mr. Darin and his fiancé received a call in April that her father was dying, she traveled back to Japan to pay her final respects, but Mr. Darin was unable to be there to support her through the process. Mr. Darin also could not attend an important memorial service in Japan for his fiancé's deceased younger sister early last year.

6. Until the Government unsealed its complaint in December 2012, Mr. Darin and his fiancé were planning to marry and to start a family. Now that he cannot find work, they worry they can no longer afford to have children and have put their lives on hold.

7. If the court grants Mr. Darin's motion, it will remove the black cloud over his life that the Government's complaint has created. On the other hand, if the court upholds the Government's complaint, the restrictions under which he has been living will become permanent, his professional life will be definitively over, and the hardships in his personal life will be compounded. If this Court declines to rule at all, Mr. Darin's Kafkaesque situation will continue indefinitely.

Dated: December 3, 2014
Washington DC

_____
Bruce A. Baird